UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| DIAMOND IRON WORKS, INC., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )  Civil Action No. 18-12385-PBS ) |
| CENTRAL MUTUAL INSURANCE COMPANY, | ) ) ) ) |
| Defendant. | ) ) |

REPORT AND RECOMMENDATION

April 20, 2020

Boal, M.J.

Plaintiff Diamond Iron Works, Inc., ("Diamond") brought this case based on an insurance dispute with the defendant. Diamond asserted claims for breach of contract, breach of the implied covenant of good faith and fair dealing, violation of G.L. c. § 93A, and declaratory relief.

On November 11, 2019, defendant Central Mutual Insurance Company ("Central") filed a motion for summary judgment on all claims asserted by Diamond. Docket No. 24. Central asserted that some of the claims were time barred, others failed as a matter of law, and that Diamond had no reasonable likelihood of recovery under Section 93A because there was no genuine disagreement over Central's coverage obligations.

This Court granted Diamond three extensions of the deadline for filing an opposition to Central's motion for summary judgment. Docket Nos. 28, 30, 32. Pursuant to the latest of these orders, the deadline for filing Diamond's opposition was January 15, 2020. Docket No. 32.

On March 30, 2020, this Court issued an order allowing Diamond a final opportunity to file a response to Central's motion for summary judgment by April 13, 2020.  Docket No. 33.  Diamond was warned that failure to file an opposition would result in a recommendation that the District Judge assigned to this case grant Central's motion for summary judgment and dismiss all of Diamond's claims.  Id.  To date, Diamond has not filed an opposition to Central's motion for summary judgment.  Accordingly, I recommend that Judge Saris grant Central's motion for summary judgment and dismiss all of Diamond's claims against Central.

## REVIEW BY DISTRICT JUDGE

The parties are hereby advised that under the provisions of Fed. R. Civ. P. 72(b), any party who objects to these proposed findings and recommendations must file specific written objections thereto with the Clerk of this Court within 14 days of service of this Report and Recommendation.  The written objections must specifically identify the portion of the proposed findings, recommendations, or report to which objection is made, and the basis for such objections.  See Fed. R. Civ. P. 72.  The parties are further advised that the United States Court of Appeals for this Circuit has repeatedly indicated that failure to comply with Fed. R. Civ. P. 72(b) will preclude further appellate review of the District Court's order based on this Report and Recommendation.  See Phinney v. Wentworth Douglas Hospital, 199 F.3d 1 (1st Cir. 1999); Sunview Condo. Ass'n v. Flexel Int'l, Ltd., 116 F.3d 962 (1st Cir. 1997); Pagano v. Frank, 983 F.2d 343 (1st Cir.1993).

/s/ Jennifer C. Boal  
JENNIFER C. BOAL  
United States Magistrate Judge